R. DUANE WESTRUP (State Bar No. 58610)
PHILLIP R. POLINER (State Bar No. 156145)
ppoliner@wkalaw.com
CAT-TUONG N. BULAON (State Bar No. 206612)
cbulaon@wkalaw.com
WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, California  90802-4524
Telephone: (562) 432-2551
Facsimile: (562) 435-4856

Attorneys for Plaintiffs KEN MILLER, JEREMIE TODD, and CHRISTOPHER FRANKLIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MILLER, JEREMIE TODD, and CHRISTOPHER FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>ADECCO USA, Inc., a Delaware Corporation; CEVA LOGISTICS U.S., INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:13-CV-01321-TLN-CKD<br><br>Assigned for All Purposes to:<br>Honorable Troy L. Nunley<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's July 2, 2013 Order Requiring a Joint Status Report, Plaintiffs KEN MILLER, JEREMIE TODD, and CHRISTOPHER FRANKLIN ("Plaintiffs"), and Defendants ADECCO USA, INC. ("Adecco") and CEVA LOGISTICS U.S., INC. ("CEVA")(Adecco and CEVA are collectively referred to herein as the "Defendants," and Plaintiffs and Defendants are collectively referred to herein as the "Parties"), submit this Joint Status Report following the Parties' Early Meeting of Counsel held on July 25, 2013 and August 1, 2013.

### A. BRIEF SUMMARY OF THE CLAIMS

In their class action complaint, Plaintiffs bring claims on their behalf and on behalf of all similarly situated truck drivers employed by CEVA in connection with its Contract Logistics business and/or allegedly co-employed by CEVA and Adecco and assigned to drive for CEVA during a four-year period prior to the filing of this lawsuit through the time of trial (Plaintiffs and the putative class members shall hereinafter collectively be referred to as "truck drivers") for Defendants' failure to pay wages for the time truck drivers spent conducting pre and post trip inspections of their trucks and attending mandatory meetings.  Plaintiffs also assert that Defendants failed to provide truck drivers meal and rest breaks in accordance with California law, failed to timely pay wages upon termination of employment, and failed to maintain and provide accurate itemized wage statements.  By virtue of the above violations, Plaintiffs further assert that Defendants violated *Business and Professions Code* Section 17200 *et seq.*, and seek penalties pursuant to the Private Attorney General Act of 2004 ("PAGA").

Defendants deny Plaintiffs' allegations, and assert thatPlaintiffs are not entitled to any relief.

### B. STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS

All Defendants have been served with the Complaint.

**C.     POSSIBLE JOINDER OF ADDITIONAL PARTIES**

Plaintiffs do not anticipate the joinder of additional parties.

**D.     CONTEMPLATED AMENDMENTS TO THE PLEADINGS**

Plaintiffs do not anticipate amending the pleadings.

CEVA will file an amended answer.

**E.     STATUTORY BASIS FOR JURISDICTION AND VENUE**

The Court has jurisdiction pursuant to 28 U.S.C. Section 1332(d).

**F.     ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

Plaintiffs intend to propound written discovery within the next 30 to 60 days, which will include special interrogatories, requests for production of documents, and requests for admissions.  In order to adequately prepare their motion for class certification, Plaintiffs will also request that Defendants produce the contact information of the putative class members in accordance with *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554.  Following their receipt of Defendants' responses to written discovery, Plaintiffs will then take Defendants' F.R.C.P. 30(b)(6) depositions as well as the depositions of some of Defendants' current and former truck drivers and managers/supervisors.

Defendants anticipate that they will propound written discovery within the next 30 to 60 days, which will include interrogatories and requests for production of documents.  Following receipt of Plaintiffs' responses to written discovery, Defendants will then take Plaintiffs' depositions and may also take the depositions of some of Defendants' current and former truck drivers and managers/supervisors.

1. **WHAT CHANGES, IF ANY, SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(a), INCLUDING A STATEMENT AS TO WHEN DISCLOSURES UNDER RULE 26 (a)(1) WERE MADE OR WILL BE MADE**

The Parties anticipate exchanging their initial disclosures by August 15, 2013, which is 14 days following the Parties' most recent early meeting of counsel. In addition, the Parties anticipate filing the present report within the same time frame.

2. **THE SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED; WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES**

Plaintiffs contend that the subjects on which discovery is needed include, but are not limited to, (i) Defendants' employment of truck drivers, (ii) Defendants' policies and procedures for providing meal and rest breaks, (iii) Defendants' policies and procedures for the payment of wages to truck drivers for the time they spent on pre and post trip inspections of trucks and attending mandatory meetings, and (iv) Defendants' policies and procedures for the payment of final wages to truck drivers. As indicated above, in order to adequately prepare their motion for class certification, Plaintiffs will also request the contact information of the putative class members in accordance with *Belaire-West, supra.* Assuming the class members' contact information is provided in a timely fashion without the necessity of a discovery motion, Plaintiffs anticipate completing discovery related to class certification issues by the end of April 2014. The Parties propose conducting discovery in two phases. The first phase shall relate to class certification issues and the second phase shall relate to establishing liability and the calculation of damages.

**3. WHAT CHANGES, IF ANY, SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THE CIVIL RULES AND WHAT OTHER LIMITATIONS, IF ANY, SHOULD BE IMPOSED**

At this time, the Parties do not request any changes to the limitations on discovery. If additional discovery is requested by either party, the Parties shall meet and confer and file a proposed Order and Stipulation with the Court if they agree that additional discovery is necessary.

**4. THE TIMING OF THE DISCLOSURE OF EXPERT WITNESSES AND INFORMATION REQUIRED BY RULE 26(a)(2)**

Plaintiffs intend to file their Motion for Class Certification on or before July 15, 2014. 45 days prior to the filing of their Motion for Class Certification, Plaintiffs will disclose to Defendants the names of experts (if any) and the subject matter on which their testimony will be based. Defendants will have 60 days (i.e., September 15, 2014) to oppose Plaintiffs' Motion for Class Certification. 30 days prior to the filing of their Opposition to Plaintiffs' Motion for Class Certification (i.e., July 15, 2014), Defendants will disclose to Plaintiffs, the names of experts (if any) and the subject matter on which their testimony will be based.

With respect to the liability phase, the Parties agree to follow the procedures set forth in F.R.C.P. 26(a)(2) regarding the disclosure of expert witnesses.

**G. PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE FILED**

The Parties agree to have all non-discovery motions filed within 60 days of the trial date.

**H. PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL**

Based on the above, the Parties propose the following dates:

1. May 15, 2014: The mediation completion cut-off date;

2. May 31, 2014: Plaintiffs disclose to Defendants the names of experts (if any) and the subject matter of testimony to be used in connection with their Motion for Class Certification;

3. July 15, 2014 – Plaintiffs file and serve their Motion for Class Certification;

4. July 15, 2014 -  Defendants disclose to Plaintiffs the names of experts (if any) and the subject matter of testimony to be used in connection with their Opposition to Plaintiffs' Motion for Class Certification;

5. September 15, 2014 – Defendants file and serve their Opposition to Plaintiffs' Motion for Class Certification;

6. October 15, 2014 – Plaintiffs file and serve their Reply in support of their Motion for Class Certification;

The Parties request that the Court schedule a hearing for Plaintiffs' Motion for Class Certification on a date convenient to the Court's calendar in November 2014. At the time of this hearing, the Parties request the Court schedule a pre-trial conference to schedule a trial date.

## I.   ESTIMATE OF DAYS OF TRIAL, AND WHETHER ANY PARTY HAS DEMANDED A JURY

The estimated days of trial will depend on the outcome of Plaintiffs' Motion for Class Certification and Plaintiffs' PAGA claims.  Assuming Plaintiffs' claims are certified, in whole or in part, and/or Plaintiffs' PAGA claims are tried, the Parties anticipate a 14-day jury trial.

## J.   APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY THE MATTER BEFORE A MAGISTRATE JUDGE

The Parties do not believe the case should be referred to a special master and are not agreeable to try the matter before a magistrate judge.

### K. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES DUE TO THE SPECIAL NATURE OF THE CASE

The Parties do not request any proposed modification of the standard pre-trial procedures at this time.

### L. WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTER INVOLVING BANKRUPTCY

The Parties are not aware of any other related case.  Out of an abundance of caution, CEVA notes that Christopher Franklin is the plaintiff and CEVA is the defendant in another civil action pending in this court (2:13-cv-01144-WBS), but the issues in that civil action are unrelated to the issues in this case.

### M. PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED

As stated above, Plaintiffs anticipate completing discovery related to class certification by April 2014 and will file their Motion for Class Certification on July 15, 2014.  The Parties believe that it would be fruitful to schedule mediation after the completion of discovery relating to class certification and before the filing of Plaintiffs' Motion for Class Certification.  Accordingly, the Parties propose a mediation cut-off date of May 15, 2014 (i.e., 60 days prior to the filing date for Plaintiffs' Motion for Class Certification)

### N. ANY OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE CASE, INCLUDING WHETHER COUNSEL WILL WAIVE ANY DISQUALIFICATION AND STIPULATE TO THE TRIAL JUDGE ACTING AS A SETTLEMENT JUDGE

The Parties are not aware of any other matters that may be conducive to the just and expeditious disposition of this case.  The Parties do not believe that having the trial judge act as a settlement judge is conducive to settlement, and accordingly do not stipulate to the trial judge acting as a settlement judge.

| | | |
|---|---|---|
| 1 | Dated: August 15, 2013 | WESTRUP KLICK, LLP |
| 2 | | |
| 3 | | By: /S/ PHILLIP R. POLINER |
| 4 | | PHILLIP R. POLINER |
| 5 | | Attorneys for Plaintiffs KEN MILLER, JEREMIE |
| 6 | | TODD, and CHRISTOPHER FRANKLIN |
| 7 | | |
| 8 | Dated: August 15, 2013 | HUNTON & WILLIAMS, LLP |
| 9 | | |
| 10 | | By: /S/ FRASER A. MCALPINE |
| 11 | | Fraser A. McAlpine |
| 12 | | Attorneys for Defendant CEVA LOGISTICS U.S., |
| 13 | | INC. |
| 14 | | |
| 15 | Dated: August 15, 2013 | SHEPPARD, MULLIN, RICHTER & HAMPTON, |
| 16 | | LLP |
| 17 | | |
| 18 | | By: /S/ CHARLES F. BARKER |
| 19 | | Charles F. Barker |
| 20 | | Attorneys for Defendant ADECCO USA, INC. |

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| 25 | Dated: August 15, 2013 | /S/ PHILLIP R. POLINER |
| 26 | | PHILLIP R. POLINER |
| 27 | | Attorneys for Plaintiffs KEN MILLER, JEREMIE |
| 28 | | TODD, and CHRISTOPHER FRANKLIN |