Fraser A. McAlpine (SBN 248554)
H. Allison Elmore (SBN 233045)
**JACKSON LEWIS P.C.**
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: 415 • 394 • 9400
Facsimile: 415 • 394 • 9401
Email:  fraser.mcalpine@jacksonlewis.com
Email:  allison.elmore@jacksonlewis.com

Attorneys for Defendant
CEVA LOGISTICS U.S., INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MILLER, JEREMIE TODD, and CHRISTOPHER FRANKLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADECCO USA, Inc., a Delaware Corporation; CEVA LOGISTICS U.S., INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:13-CV-01321-TLN-CKD<br><br>**STIPULATED PROTECTIVE ORDER [FED. R. CIV. P. 26(c)]; ORDER**<br><br>[DISCOVERY MATTER] |

**WHEREAS,** to expedite the flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality of information, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiffs Ken Miller, Jeremie Todd, and Christopher Franklin (referred to collectively as "Plaintiffs"), and Defendants Adecco USA, Inc. ("Adecco") and CEVA Logistics U.S., Inc. ("CEVA Logistics") (Adecco and CEVA Logistics are referred to individually as a "Defendant" and collectively as "Defendants") seek to enter into a Stipulated Protective Order ("Protective Order");

**WHEREAS**, pursuant to Rule 29 of the Federal Rules of Civil Procedure, Plaintiffs and Defendants have stipulated to the procedures set forth below regarding the use of material disclosed as part of the discovery process in this case; and

**WHEREAS**, the procedures set forth below do not purport to modify or alter the Eastern District of California Local Rules or the Case Management Procedures of the Honorable Troy L. Nunley regarding requests for permission to file documents under seal or any other topic;

### GOOD CAUSE STATEMENT

**WHEREAS**, the parties submit that good cause exists for the issuance of this Protective Order for the following reasons:

(i)     Discovery obtained in the above-captioned action may involve disclosure of confidential, proprietary, private, or commercially-sensitive or trade secret information.  Disclosure of this information to persons who are not entitled to it carries the danger of compromising the competitive business interests of Defendants, and also risks invasion of legitimate personal privacy interests of Plaintiffs and the putative class members;

(ii)     Defendants anticipate that they may need to produce material that contains proprietary information concerning their business practices and procedures for the operation of their businesses and facilities that may be of value to competitors or may cause harm to their legitimate business interests in the marketplace;

(iii)     Defendants further anticipate that they may need to produce information concerning Plaintiffs or putative class members that is personal in nature or protected by the right of privacy;

(iv)     The issuance of this Protective Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential, proprietary, private, or commercially-sensitive, or trade secret information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such information; and

(v)     The issuance of this Protective Order will protect the parties' interests by providing the parties recourse in this court in the event that a party or non-party improperly handles confidential, proprietary, private, commercially-sensitive, or trade secret information that the parties have exchanged in the course of discovery propounded and depositions taken in this action;

**WHEREAS**, the parties hereto, having stipulated and agreed, by and through their respective counsel, to the entry of this Protective Order in the above-captioned action;

**IT IS HEREBY STIPULATED THAT:**

**1.     Definitions.**

1.1     "Confidential" Information or Items:

(i)     Non-public information about Plaintiffs or any other individuals, including personnel-type records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals;

(ii)     Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839; or

(iii)     Information alleged in good faith by a Party or Non-Party to be subject to protection under the Federal Rules of Evidence or information that is confidential, of commercial value, and falls into one or more of the following categories:

a.     A Defendant's policies and procedures for operating its business or facilities;

b.     Documents that reflect the implementation of a Defendant's policies and procedures for operating its business or facilities;

c.     Information that is protected against disclosure by a written confidential information agreement between a third party and a Party; or

     d. Business plans, models, marketing analyses, sales and financial statements, or other sensitive business documents of a Defendant.

  1.2 <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staffs).

  1.3 <u>Designating Party</u>:  A Party or Non-Party that designates any Disclosures or Discovery Material as "Confidential."

  1.4 <u>Disclosures or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  1.5 <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party.

  1.6 <u>In-House Counsel</u>:  Attorneys who are employees of a Party (as well as their support staff).

  1.7 <u>Non-Party</u>:  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

  1.8 <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

  1.9 <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, retained Experts, and Outside Counsel (and their support staffs).

  1.10 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosures or Discovery Material.

  1.11 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, etc.) and their employees and subcontractors.

      1.12    <u>Protected Material</u>:  Any Disclosures or Discovery Material designated as "Confidential."

      1.13    <u>Receiving Party</u>:  A Party that receives any Disclosures or Discovery Material designated as "Confidential."

**2.**    **<u>Scope</u>.**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

**3.**    **<u>Duration</u>.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**4.**    **<u>Designating Protected Material</u>.**

      4.1    <u>Exercise of Restraint and Care in Designating Disclosures or Discovery Material for Protection</u>.  Each Party or Non-Party that designates Disclosures or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific Disclosures or Discovery Material that qualify under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of the Disclosures or Discovery Material that qualify, so that other portions of the Disclosures or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  If it comes to a Designating Party's attention that Disclosures or Discovery Material that it designated for protection should not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the improper designation.

      4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosures or Discovery Material qualifying for protection under this Protective Order must be clearly so designated.  Designation in conformity with this Protective Order requires:

    4.2(a) <u>For Disclosures or Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings)</u>:

      4.2(a)(1)(A) The Designating Party shall affix the legend "CONFIDENTIAL" prominently on each page that contains Protected Material.  If only a portion or portions of a document or material on a page qualifies for protection, the Designating Party should clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins); or

      4.2(a)(1)(B) The Designating Party shall make such designation by written notice to all Receiving Parties that the document(s) should be treated as "Confidential," by identifying the Disclosures or Discovery Material to be designated with particularity (*i.e.*, by production numbers where available).  Upon notice of the designation, all Receiving Parties (i) shall make no further disclosure of the Protected Material, except as provided by this Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Protective Order, shall immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request that such person or persons execute the "Agreement to Be Bound by Protective Order" (attached as Exhibit A).

      4.2(a)(2) A Producing Party that makes original Disclosures or Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which Disclosures or Discovery Material it seeks to have copied and produced.  During the inspection and before the designation, all of the Disclosures or Discovery Material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the Disclosures or Discovery Material it seeks to have copied and produced, the Producing Party must determine which, if any, Disclosures or Discovery Material, or portions thereof, qualify for protection under this Protective Order.  Prior to producing the specified Disclosures or Discovery Material, the Producing Party must affix the "Confidential" legend prominently on each page as set forth under Section 4.2(a)(1)(A) above.

          4.2(b)     <u>For Disclosures or Discovery Material in the form of testimony given in deposition or in other pretrial proceedings</u>:  The Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

    Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.  Unless otherwise indicated, all deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.  This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

          4.2(c)     <u>For Disclosures or Discovery Material produced other than in documentary or testimony form, and for any other tangible items</u>:

                4.2(c)(1)(A)     The Designating Party shall affix in a prominent place on the exterior of the container a label containing the legend "Confidential."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions; or

                4.2(c)(1)(B)(i)     The Designating Party shall make such designation by written notice to all Parties, by identifying the Disclosures or Discovery Material to be designated with particularity (i.e., by production numbers where available).  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions; and

                4.2(c)(1)(B)(ii)     Upon notice of the designation, all Receiving Parties (i) shall make no further disclosure of the Protected Material, except as provided by this Protective Order; and (ii) if such Protected Material has already been disclosed to any person or in any circumstance not authorized under this Protective Order, shall immediately inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

request such person or persons to execute the "Agreement to Be Bound by Protective Order" (attached as Exhibit A).

      4.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure by a Designating Party to designate as "Confidential" qualified information or items does not, standing alone, waive its right to secure protection under this Protective Order for such material. If any such Disclosures or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**5.    Challenging Confidentiality Designations.**

      5.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      5.2    <u>Meet and Confer</u>. A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must first meet and confer in good faith with counsel for the Designating Party. In conferring, the challenging Party must explain in writing the basis for its objection and belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within seven (7) days of the first meet and confer effort.

      5.3    <u>Judicial Intervention</u>. After the challenging Party has engaged in the meet and confer process, the Designating Party shall have thirty (30) days from receipt of the written meet and confer to either agree in writing to de-designate or file a motion with the court seeking to uphold any or all confidentiality designations. Pending a resolution of the motion by the court, any and all existing confidentiality designation on the material at issue in such motion shall remain in place. The Designating Party shall have the burden of persuasion on any such motion establishing applicability of its "Confidential" designation. In the event that the objections are neither timely agreed to nor

timely addressed in the motion, then such information shall be de-designated in accordance with the designation objection applicable to such material.

**6.     Access To And Use Of Protected Material.**

6.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below.  However, nothing herein shall limit a Party from using any documents created by him or it for any purpose outside of this proceeding, irrespective of any designation given the document in this proceeding.

Protected Material must be maintained at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

6.2     <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following:

6.2(a)     The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

6.2(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

6.2(c)     Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

6.2(d)     The court and its personnel;

6.2(e)     Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for

this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

    6.2(f)  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

    6.2(g)  The author of or recipient of the Protected Material or the original source of the information.

  However, nothing herein shall limit a Party from disclosing any documents created by him or it for any purpose outside of this proceeding, irrespective of any designation given the document in this proceeding.

  **7.**  <u>**Protected Material Subpoenaed Or Ordered Produced In Other Litigation**</u>.

  If a Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," that Party must:

    7.1(a)  immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order;

    7.1(b)  immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue; and

    7.1(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential"

before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

8. **Unauthorized Disclosure Of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Agreement to Be Bound by Protective Order" (attached as Exhibit A).

9. **Filing Protected Material.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A Party who wishes to file with the court any document which includes any Protected Material, shall, in accordance with the requirements set forth under Local Rule 141 and the Case Management Procedures of the Honorable Troy L. Nunley, submit a "Notice of Request to Seal Documents," a "Request to Seal Documents," a proposed order, and all documents covered by the request. The Request to Seal Documents, a proposed order (in Microsoft Word), and the document, or portion of the document, submitted for filing under seal shall, pursuant to Judge Nunley's Case Management Procedures, be e-mailed to Judge Nunley's proposed orders e-mail box (tlnorders@caed.uscourts.gov), with the e-mail subject

1  line including the case number and the statement: "Request to Seal Documents."  The Request,
2  proposed order, and submitted documents shall not be filed at this time.  Requests to seal documents
3  at issue on discovery motions shall be submitted to the Magistrate Judge.

4      If the filing Party fails to request leave to file any included Protected Material under seal, the Designating Party who designated the filed information as Protected Material may make a written request to the court to file said information under seal within five (5) days of notice of the defective filing.  Nothing herein shall limit any other remedies available to the Designating Party for a breach of this Order.  This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

**10.   Final Disposition.**

Unless otherwise ordered or agreed in writing by the Designating Party, after the final termination of this litigation, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material, within thirty (30) days of such request, the Receiving Party must submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel may retain an archival set of copies of Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

**11.   Inadvertent Production of Privileged Documents.**

Inadvertent production of any document or information which a Producing Party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), shall not be deemed to waive any privilege.  A Producing Party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a Producing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of a Party, the possessing Party

shall within three (3) days return to the Producing Party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents or information in this proceeding or otherwise.  The Party returning such material may then move the Court for an order compelling production of the documents or information, but said Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

**12. Miscellaneous.**

12.1  Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

12.3  Nothing in this Order shall prevent a Party from any use of its own Confidential or Attorneys' Eyes Only documents.

**IT IS SO STIPULATED.**

DATED:  December 3, 2013                **JACKSON LEWIS P.C.**

By:  /s/ H. Allison Elmore
FRASER A. MCALPINE
H. ALLISON ELMORE
Attorneys for Defendant
CEVA LOGISTICS U.S., INC.

| | |
|---|---|
| DATED:  December 3, 2013 | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |

By:  /s/ Thomas Y. Lee
　　CHARLES F. BARKER
　　THOMAS Y. LEE
　　Attorneys for Defendant
　　ADECCO USA, INC.
　　*(as authorized on December 3, 2013)*

DATED:  December 3, 2013　　　　**WESTRUP KLICK, LLP**

By:  /s/ Phillip R. Poliner
　　R. DUANE WESTRUP
　　PHILLIP R. POLINER
　　CAT-TUONG N. BULAON
　　Attorneys for Plaintiffs
　　KEN MILLER, JEREMIE TODD, AND
　　CHRISTOPHER FRANKLIN
　　*(as authorized on December 3, 2013)*

**PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.**

Dated:  December 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

Agreement to be Bound By Protective Order

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Miller v. Adecco USA, Inc., et al.*, E.D. Cal. Case No. 2:13-CV-01321-TLN-CKD, and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties or this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature: _____

Printed Name: _____

Dated: _____

4849-3004-3927, v.  1